**FILED**

**July 5, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:47 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Patrick Riley | ) Docket No. 2015-06-0886 |
| | ) |
| v. | ) State File No. 48657-2015 |
| | ) |
| Group Electric, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

### Affirmed and Remanded - Filed July 5, 2016

---

In this interlocutory appeal, the employer disputes whether it should be required to provide medical benefits for the employee's alleged work-related injury. The employee reported suffering an injury to his left wrist and hand arising primarily out of and occurring in the course of his employment as a journeyman electrician. The employer denied the claim, asserting there is no evidence that a work injury actually occurred. Following an expedited hearing, the trial court ordered the employer to provide a panel of orthopedic physicians to treat the employee's injury, reserved ruling on the employee's request for temporary disability benefits, and denied the employee's request for reimbursement of past medical and mileage expenses. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

T. Ryan Malone, Nashville, Tennessee, for the employer-appellant, Group Electric

Michael Fisher, Nashville, Tennessee, for the employee-appellee, Patrick Riley

### Factual and Procedural Background

Patrick Riley ("Employee") alleges he injured his left hand and wrist on June 8, 2015, while working for Group Electric ("Employer") as a journeyman electrician. He

1

testified at the expedited hearing that he was installing new wiring in a school building and, while stripping wires to connect them in the main disconnect box, his left hand slipped, causing him to strike his left wrist against the disconnect box. Employer offered no witness testimony to contradict Employee's description of the accident. Employee also testified he completed the job that day, but noticed swelling in his hand that evening and in his fingers by the following morning. He testified he reported the injury to his superintendent the next morning and advised the superintendent that he had to "go to the hospital" at nine o'clock that morning.

Employee sought care at Summit Medical Center Emergency Room for left wrist pain on June 9, 2015. Medical records from that date reflect that he "denies injury," that he complained of "wrist injury (pain w/o injury)," that the mechanism of injury was "unknown," and that Employee had experienced pain and swelling in his left wrist for three days. The emergency room record also indicates the injury was not work-related.

When confronted with this information at the expedited hearing, Employee testified he had told the attending medical care providers at the emergency room that his left elbow had been sore for about three days, but he denied telling them his hand and wrist had been injured three days prior to his visit. He further testified that he informed all the providers at the emergency room that he had injured his wrist at work. He was released from the emergency room with a diagnosis of arthritis and bursitis with possible gout of the left wrist. In addition to being referred for an orthopedic consult, the record indicates a follow-up "with Dr. Dube has been arranged and [patient] is in agreement." Employee testified that the emergency room provider "recommended that [he] go to Dr. Dube to have fluid drawn off [his] wrist," and that because "they wanted either $300 cash up front or insurance" he was not able to get the recommended treatment.

Employer filed a Notice of Controversy on June 25, 2015, which stated there were "[n]o medical records received to support compensability." Employee testified, however, that the project manager came to the worksite "several weeks" after the alleged injury and instructed him to seek treatment at Concentra Medical Center. The first of Employee's visits to Concentra occurred on June 30, 2015, at which time the treating nurse practitioner noted Employee had a left wrist injury as a result of blunt trauma sustained while installing wiring. The record from that visit reflects the injury was "the result of a direct blow. Occurred while at work." Despite its June 25, 2015 Notice of Controversy, Employer provided a panel of physicians from which Employee chose Dr. Rosa Stone on July 1, 2015.

Employee returned to Concentra on July 3, 2015, and was seen by Dr. Joseph Speake, who, although agreeing with the assessment from the previous visit, observed that Employee became defensive when questioned about his injury. The medical record states that the "[s]tory of injury and exam don't seem to correlate very well." Employee acknowledged in his testimony at the expedited hearing that he became defensive with

2

Dr. Speake, but explained that he felt Dr. Speake was attempting to discredit his version of events instead of providing meaningful treatment. Employee saw Dr. Saritha Reddy at his third and final visit to Concentra on July 10, 2015. Dr. Reddy ordered an MRI.

Employee ultimately saw the panel physician, Dr. Stone, on one occasion on July 23, 2015, at which time she noted Employee had injured his left wrist when he hit it on a piece of machinery on June 8, 2015. The record of the visit did not address causation. Although Employee had an MRI on June 29, 2015, he never discussed the results of that test with Dr. Stone because she declined to continue treating him. Employer filed a Notice of Denial of Claim for Compensation on August 19, 2015, stating "[n]o compensable accident. Does not meet statutory definition of accident." Employee has not received medical care for his injury since the August 19, 2015 denial of the claim.

In August 2015, Employee's counsel sent a letter to Dr. Speake asking him whether, "assuming the patient's history is accurate," Employee's left hand and wrist injury "arose primarily out of and in the course and scope of employment on or about June 8, 2015." Dr. Speake replied to the question by checking "yes" and drew an arrow to and circled the phrase "assuming the patient's history is accurate." On October 23, 2015, Dr. Reddy signed an affidavit that expressed, among other things, her opinion "to a reasonable degree of medical certainty that the necessity for the treatment reflected in the Concentra medical records to [Employee's] left hand and wrist is causally related to and results from his work-related injury of June 8, 2015."

Following Employee's filing of a petition for benefit determination and the parties' unsuccessful mediation, Employee requested an expedited hearing, which was held on April 26, 2016. The trial court subsequently issued an order requiring Employer to provide Employee a panel of orthopedic specialists. The trial court reserved ruling on Employee's request for temporary disability benefits and denied Employee's request for reimbursement of medical and mileage expenses, finding Employee had presented insufficient evidence to establish his entitlement to those benefits.[1] Employer has appealed the trial court's order.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's

---

[1] Employee has not appealed the trial court's ruling reserving the issue of temporary disability benefits or its denial of Employee's request for reimbursement of medical and mileage expenses. Thus, we need not address these issues at this time.

3

decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

Employer identified several issues in its notice of appeal; however, in its brief on appeal, Employer limited the disputed issues to whether Employee "carried his burden of establishing causation," and to whether the trial court erred in admitting Dr. Speake's "opinion letter" and Dr. Reddy's affidavit into evidence.[2] With respect to the latter issue, in its order granting medical benefits, the trial court addressed in detail Employer's objections to Dr. Speake's "opinion letter" and its objections to Dr. Reddy's affidavit. Although it admitted both documents into evidence, the trial court agreed with Employer that Dr. Speake's "opinion letter" was "of little or no probative value" and placed "no weight upon it." Similarly, the trial court admitted Dr. Reddy's affidavit into evidence, but "place[d] no weight upon it due to its inaccuracies." Based on the trial court's determination to place no weight on either exhibit, the error, if any, in admitting those exhibits was harmless.[3]

With respect to the first stated issue, Employer asserts two separate arguments concerning whether Employee "carried his burden of establishing causation." First, Employer argues the trial court erred in determining that Employee carried his burden of

---

[2] In addition to the issues specified and argued in its brief on appeal, Employer asserted in its notice of appeal that the trial court erred in "refusing to permit the Employer to obtain an [independent medical examination]" and in "finding that the Employer failed to introduce evidence rebutting the claimant's version of how the injury occurred." These issues are not discussed or mentioned in Employer's brief and, therefore, we assume Employer has abandoned them. *See* Appeals Board Prac. & Proc. § 5.1 ("All briefs pertaining to the appeal of an interlocutory order "shall include . . . a statement of the issue(s) presented for review on appeal" and "an argument, citing appropriate statutes, case law, or other authority.").

[3] We do not intend to suggest that the trial court erred in admitting either document. Rather, we simply decline to address the merits of these issues as they are unnecessary for a resolution of the appeal.

4

proof "despite reaching the contrary holding that [Employee's] only causation opinions carried 'no weight.'" Second, Employer asserts error in the trial court's "finding [Employee] carried his burden of establishing causation despite the medical records undercutting his claim."

As an initial matter, we note that the burden of proof at an expedited hearing is different than the burden of proof at a compensation hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Specifically, we have determined that, at an expedited hearing, an employee need not prove each and every element of his or her claim by a preponderance of the evidence in order to obtain temporary disability benefits or medical benefits. *Id.* Instead, we have emphasized that, at the expedited hearing stage, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *Id.* Thus, while an injured worker retains the burden of proof at all stages of a workers' compensation claim, a trial court can grant relief at an expedited hearing if the court is satisfied that an employee has met the burden of showing that he or she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014).

However, "[t]his lesser evidentiary standard . . . does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). It is our responsibility to conduct an in-depth examination of the trial court's factual findings and conclusions, *see Wilhelm v. Krogers*, 235 S.W.3d 122, 126 (Tenn. 2007), within the mandate set out in Tennessee Code Annotated sections 50-6-217(a)(3), as referenced above, and 50-6-239(c)(7) (2015). Section 50-6-239(c)(7) provides a presumption "that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Furthermore, when the trial court has seen and heard the witnesses, considerable deference must be afforded the trial court's factual findings. *Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008).

Thus, in the instant case, the issue before the trial court was not whether Employee established medical causation by a preponderance of the evidence or whether he presented competent medical proof establishing that he suffered a workplace injury. Rather, the issue for the trial court was whether Employee presented sufficient evidence to show that he would likely prevail at a hearing on the merits in establishing the occurrence of a compensable injury as prescribed in Tennessee Code Annotated section 50-6-239(d)(1). On appeal, we must assess whether the evidence presented in the trial

court preponderates against the trial court's determination that Employee would likely prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(c)(7).

The trial court was presented with, among other documents, medical records detailing Employee's treatment for his left hand and wrist injury, as well as Employee's testimony regarding how the injury occurred. Employee testified as to the mechanism of injury, stating that his left hand slipped while stripping wires, causing him to strike his left wrist against the electrical disconnect box, and that he informed his supervisor on the morning after the injury that he had hurt himself. Employer presented no testimony from Employer's supervisor or any other witness that the injury did not occur at work or that it occurred in some manner other than as Employee testified. Rather, Employer relied on the medical records from Employee's visit to the emergency room to support its assertion that Employee was not injured at work. Employee testified regarding the information in those medical records, and the trial court accepted his testimony, finding him to be credible. While there are discrepancies between the account of the injury in the emergency room records and Employee's description of how the injury occurred, the trial court was aware of those discrepancies and chose to accredit Employee's testimony concerning the incident. The trial court considered the documentary evidence in conjunction with Employee's testimony and determined Employee was a credible witness and had met the "lesser evidentiary standard" required at an expedited hearing. Accordingly, having independently assessed where the preponderance of the evidence lies, we find no error in the trial court's order.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). The trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

6

**FILED**

**July 5, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:47 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Patrick Riley | ) | Docket No.  2015-06-0886 |
| | ) | |
| v. | ) | |
| | ) | State File No.  48657-2015 |
| Group Electric | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5thdate day of July, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Michael Fisher** | | | | | X | mfisher@ddzlaw.com |
| **Nicholas J. Peterson** | | | | | X | nicholas.peterson@petersonwhite.com |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov